Filed 1/25/24  P. v. Ferrell CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOHN ALVIE LOUIS FERRELL,<br><br>        Defendant and Appellant. | A168180<br><br>(Lake County Super. Ct. Nos. CR959931/CR960895) |

John Alvie Louis Ferrell appeals after the court denied probation and sentenced him to prison pursuant to a negotiated plea.  His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  We find no such issues and affirm.

### BACKGROUND

In January 2021, Ferrell was pulled over for driving a stolen car and fled from the officer on foot.  He was charged with one count each of felony car theft, felony receiving stolen property, and misdemeanor resisting arrest.  The information alleged Ferrell was ineligible for probation due to three prior felony convictions in 2010 and 2012.

1

In May 2021, Ferrell was again stopped while driving a stolen vehicle. The car's steering column was broken, the license plates had been reported lost or stolen, and a pair of metal knuckles was in plain view on the dashboard. The District Attorney filed a new information charging one count of felony car theft and one count of felony receiving stolen property for the May incident, and two additional counts of each offense for another incident in June 2021. Ferrell was also charged with possessing metal knuckles, a felony, and misdemeanor resisting arrest. This petition also alleged his prior felonies rendered him ineligible for probation and that he committed the May and June 2021 offenses while on bail.

Ferrell failed to appear for arraignment on August 24, 2021, and the court issued a bench warrant. On October 4, 2021, Ferrell appeared remotely from jail, entered a not guilty plea on all counts, and denied the special allegations. He was released on bail later that month, but within the week failed to appear for a settlement conference. The court revoked bail and issued another bench warrant. On April 25, 2023, Ferrell appeared in custody and the court scheduled a trial setting conference.

In May 2023, Ferrell entered into a plea agreement. He entered no contest pleas to one count of possessing metal knuckles and one count of receiving stolen property, and two misdemeanor resisting arrest counts in unrelated cases. Ferrell stipulated the prosecutor's recitation of the offenses established a factual basis for the plea. The court found the plea had a factual basis and was knowing, personal, voluntary, expressed, and intelligent. In return, the prosecutor dismissed the remaining counts and allegations and agreed that any sentence on the misdemeanor charges would be concurrent and Ferrell's total term would be capped at two years and eight months in county jail.

The probation report described Ferrell's lengthy history of offenses as a minor and as an adult, primarily substance and theft-related but also ranging from lewd acts on a child under 14 to resisting arrest and providing false identification to police officers, unlawfully possessing a firearm and ammunition, and battery. The probation officer reported that Ferrell posed a high risk of reoffending and recommended the stipulated two-year middle term on the felony, while noting the sentencing criteria supported the upper term. Probation was not recommended because Ferrell's eight prior felony convictions made him presumptively ineligible, this was not an unusual case in which the interest of justice would best be served by granting probation, and his prior performance on probation was poor.

Ferrell had lost his job due to the pandemic and was unemployed and transient. He reported his mental health was poor, but he was not on medications or under a doctor's care. He had used alcohol, marijuana, methamphetamine, and cocaine since childhood and heroin from ages 21 to 25. He admitted he had "sold drugs, cultivated marijuana, committed thefts and burglaries, engaged in prostitution, gambled, borrowed money, pawned property and stole drugs to support his substance use addictions." Ferrell attended The Delancey Street Foundation from 2014 through 2018, and the program was willing to readmit him "after all legal matters were cleared."

The court denied probation. It sentenced Ferrell to two years in county jail for receiving stolen property, a consecutive eight-month term for possessing metal knuckles, and 364 days for each of the resisting arrest convictions to run concurrently. The court awarded 204 days of total credits and declined to impose any fines or fees.

## DISCUSSION

Ferrell's counsel has represented that she advised Ferrell of his rights to submit supplemental written argument on his

3

own behalf and to request that counsel be relieved and another attorney appointed.  Ferrell has not done so.  This court has reviewed the entire record on appeal for potential error.  No issue requires further briefing.

## DISPOSITION

The judgment is affirmed.

BURNS, J.

WE CONCUR:


JACKSON, P.J.
CHOU, J.

*P. v. Ferrell* (A168180)

4